UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN S. MILLER,

                        Petitioner,

            v.

WARDEN OF VALLEY STATE
PRISON,

                        Respondent.

Case No.   1:19-cv-01519-JDP

ORDER TO SHOW CAUSE WHY PETITION
SHOULD NOT BE DISMISSED FOR
FAILURE TO STATE A COGNIZABLE
HABEAS CLAIM

ECF No. 1

Petitioner Stephen S. Miller, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). To pass screening, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The

rule also "imposes on courts the duty to screen out" petitions that are vague and conclusory. *Id.* We order petitioner to show cause why the petition should not be dismissed at screening for failure to state a cognizable habeas claim.

Petitioner presented vague and conclusory allegations in his petition. As grounds for relief, petitioner states that the Constitution and "all laws" apply to him and that his life sentence was improper; he also makes reference to his "mental health." *See generally* ECF No. 1. Petitioner has failed to allege any violations of clearly established federal law. *See White*, 572 U.S. at 419 (2014). We will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to unrepresented litigants). Without an allegation of a constitutional rights violation arising from his criminal conviction or sentence, petitioner has failed to state a claim sufficient to pass Rule 4 screening.[1]

**Order**

We order petitioner to show cause why his petition should not be dismissed for failure to state a cognizable habeas claim. If petitioner wishes to continue seeking habeas relief, he should respond to this order within fourteen days from the date of service with an amended petition. The clerk's office is directed to send petitioner a blank habeas petition form.

IT IS SO ORDERED.


Dated:   February 21, 2020   　　　　　　_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


No. 206.

---

[1] Moreover, it appears that the petition is untimely. Absent rare circumstances, a habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, petitioner was sentenced in 2007 and filed his federal habeas petition in 2019. ECF No. 1 at 1.