UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN S. MILLER,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF VALLEY STATE PRISON,<br><br>        Respondent. | Case No. 1:19-cv-01519-JDP<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR THE APPOINTMENT OF COUNSEL AND TO DISREGARD DUPLICATIVE PETITION<br><br>ECF No. 14<br><br>ORDER DIRECTING CLERK TO AMEND NAME OF RESPONDENT |

      Petitioner Stephen S. Miller, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10. Before us are petitioner's April 10, 2020 motion for the appointment of counsel, motion to disregard a duplicative petition, and request to amend the name of the respondent in this case. ECF No. 14.

      First, a petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* Rules Governing § 2254

1

1 | Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at
2 | 6(a). None of these situations is present here.

3 We are further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if we determine that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, we evaluate the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated and petitioner has not yet demonstrated a great likelihood of success on the merits at this early stage in the case. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time. ECF No. 14 at 1.

Second, petitioner requests that we disregard a duplicative petition. ECF No. 14 at 2. On February 24, 2020, finding the original petition vague and conclusory, we ordered petitioner to show cause why his petition should not be dismissed for failure to state a cognizable claim. ECF No. 7. On March 12, 2020, petitioner responded with a first amended petition. ECF No. 10. We discharged our order to show cause and ordered the respondent to respond to the petition. ECF No. 11. On April 10, 2020, petitioner notified the court that he had accidentally filed two copies of the same petition on two different dates. ECF No. 14 at 2. Petitioner requests that we disregard the second petition and use his first petition as the operative petition in his case. *Id*. We have reviewed the docket and cannot find duplicative petitions.[1] Because we cannot identify

---

[1] Petitioner's original petition was filed on October 28, 2019, consisted of 20 pages, and contained four vague claims for relief. ECF No. 1. Petitioner's first amended petition was filed

the duplicate petitions, we cannot grant petitioner the relief he requests—and therefore, we will deny his request.[2]

Finally, petitioner notified the court of his recent placement at Atascadero State Hospital and requests that the respondent's name be changed accordingly. ECF No. 14 at 4. We will grant petitioner's request and direct the clerk of court to update the name of the respondent.

Accordingly,

1. Petitioner's motion for the appointment of counsel is denied. ECF No. 14.

2. Petitioner's motion to disregard a duplicative petition is denied. *Id*.

3. The clerk of court is directed to amend the name of the respondent in this case to the director of the Atascadero State Hospital. *Id*.

IT IS SO ORDERED.

Dated:   April 14, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

---

on March 12, 2020, consisted of 40 pages and contained two claims for relief related to half-time credits and sentencing enhancements. ECF No. 10.

[2] In the event petitioner's first amended petition is not the petition with which he wishes to proceed, he may file a motion for leave to file a second amended petition.